UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                                                    Case No. 06-40031-CEC

SEVERIUS RAGGIE,

                                                                         Chapter 13

                                   Debtor.
------------------------------------------------------------x


<u>Decision</u>

APPEARANCES:

Andrew M. Bernstein                          Richard A. Klass
Law Offices of Edward Garfinkel             16 Court Street, 29th Floor
110 William Street, 17th Floor              Brooklyn, NY 11241
New York, NY 10038                          Attorney for Debtor
Attorneys for CVP #1, LLC., Avalon Bay
Communities, Inc., Chrystie Venture         Vincent Cuocci
Partners, LLC i/s/h/a Christie Venture      135 Pinelawn Road
Partners, LLC, Bovis Lend Lease LMB, Inc.,  Suite 120 South
and Chrystie Venture Partners, LLC.         Melville, NY11747
                                            Attorney for Chapter 13 trustee


CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

This matter comes before the Court on the motion of Severius Raggie to vacate the order of dismissal entered in this bankruptcy case and to amend Schedule B and the Statement of Financial Affairs to list a negligence cause of action against CVP #1, LLC., Avalon Bay Communities, Inc., Chrystie Venture Partners, LLC i/s/h/a Christie Venture Partners, LLC, Bovis Lend Lease LMB, Inc., and Chrystie Venture Partners, LLC (collectively, the "defendants").  The chapter 13 trustee and the defendants oppose Mr. Raggie's motion.  For the following reasons, Mr. Raggie's motion to amend his Schedule B and Statement of Financial Affairs is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b) and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Facts

On January 6, 2006, Mr. Raggie filed a voluntary petition under chapter 13 of the Bankruptcy Code.  Pursuant to § 109(h)(3) of the Bankruptcy Code, Mr. Raggie requested a temporary exemption from the credit counseling requirement imposed by § 109(h)(1).  On January 31, 2006, the Court issued an order directing Mr. Raggie to appear on February 2, 2006 and show cause why his request should not be denied and why this case should not be dismissed. Mr. Raggie did not submit any response to the Court's order and did not oppose the dismissal of the case.

On February 13, 2006, the trustee filed a motion to dismiss this case because Mr. Raggie did not appear at the § 341 meeting, make a pre-confirmation payment under his proposed

chapter 13 plan, or file required documents with the Court or provide them to the trustee.  Also on February 13, 2006, the Court denied Mr. Raggie's request for a temporary exemption from the credit counseling requirement and dismissed the case pursuant to § 109(h)(1) of the Bankruptcy Code.

On January 25, 2008, Mr. Raggie filed the instant motion to amend his Schedule B and Statement of Financial Affairs to list a personal injury claim against the defendants for injuries which the debtor, a construction worker, suffered while working on a construction project owned or managed by the defendants.  The debtor's motion in this Court is prompted by a motion made by the defendants in the state court personal injury action to dismiss that action based on the theory that a debtor who fails to list a cause of action on his bankruptcy petition cannot later assert that claim.  The debtor seeks to vacate the dismissal of the bankruptcy case only to enable him to rectify his erroneous omission of the personal injury action from his Schedule B and Statement of Financial Affairs; the debtor does not seek to pursue this chapter 13 case.  The chapter 13 trustee states that he opposes the debtor's "motion to reopen" the bankruptcy case, unless the reopening is contingent upon the debtor making all payments due under the plan, and complying with all of the other obligations imposed by chapter 13.

Discussion

The Bankruptcy Rules were promulgated by the Supreme Court pursuant to the authority granted in 28 U.S.C. § 2075.  28 U.S.C. § 2075.  "As such, the [Bankruptcy] Rules have the force of law."  Brooks Fashion Stores, Inc. v. Mich. Employment Sec. Comm'n (In re Brooks Fashion Stores, Inc.), 124 B.R. 436, 440 (Bankr. S.D.N.Y. 1991).  Judicial inquiry must therefore begin

with the text of the rule.  <u>See</u> <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530

U.S. 1, 6 (2000) (judicial inquiry must begin with text of the statute).

Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement

may be amended by the debtor as a matter of course at any time before the case is closed."  Fed.

R. Bankr. P. 1009(a).  Liberal amendments to schedules are favored.  <u>Kaelin v. Bassett (In re</u>

<u>Kaelin)</u>, 308 F.3d 885, 889 (8th Cir. 2002) (finding the denial of a motion to amend a schedule to

be an abuse of discretion); <u>In re Corbi</u>, 149 B.R. 325, 329 (Bankr. E.D.N.Y. 1993); <u>In re</u>

<u>Candelaria</u>, 121 B.R. 140, 144 n.2 (E.D.N.Y. 1990) (accuracy in a debtor's schedules is favored).

A debtor need not obtain permission from the court to amend schedules so long as the case is not

closed.  <u>Martinson v. Michael (In re Michael)</u>, 163 F.3d 526, 529 (9th Cir. 1998); <u>In re Sacco</u>, 99

B.R. 647, 650 (Bankr. W.D. Pa. 1989); <u>In re Sheridan</u>, 38 B.R. 52, 54 (Bankr. D. Vt. 1983)

(citing <u>In re Gershenbaum</u>, 598 F.2d 779, 781 (3d Cir. 1979)).

A bankruptcy case is "closed" pursuant to § 350 of the Bankruptcy Code after the estate is

fully administered.  11 U.S.C. § 350(a); <u>Critical Care Support Servs., Inc. v. United States (In re</u>

<u>Critical Care Support Servs.)</u>, 236 B.R. 137, 140 (E.D.N.Y. 1999).  As that Court stated in

<u>Critical Care</u>:

> [a] bankruptcy is reopened under 11 U.S.C. § 350(b), not to restore
> the prebankruptcy status . . . , but to continue the bankruptcy
> proceeding. The word "reopened" used in Section 350(b) obviously
> relates to the word "closed" used in the same section.  In our opinion
> a case cannot be reopened unless it has been closed.  An order
> dismissing a bankruptcy case accomplishes a completely different
> result than an order closing it would and thus is not an order closing.

<u>Id.</u> at 141 (quoting <u>Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop.</u>

<u>Builders, Inc.)</u>, 699 F.2d 963, 965 (9th Cir.1982)).  <u>See</u> <u>In re Yonikus</u>, 996 F.2d 866, 872 n.7 (7th

Cir. 1993) (interpreting term "closed" as used in Bankruptcy Rule 1009 as having the meaning given to the term in § 350); Gershenbaum, 598 F.2d at 782 (interpreting the word "closed" as used in Bankruptcy Rule 110, predecessor to Bankruptcy Rule 1009, as having the meaning given to the term in Bankruptcy Rule 514, which provided that a case is closed after the estate is fully administered).  See also Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1205 (10th Cir.1994) ("Rule 1009 replaced Rule 110 in 1983, but followed its language and the policy of allowing a debtor to amend schedules 'as a matter of course' at any time before the case is closed.").

Thus, "closed," as used in Bankruptcy Rule 1009 and § 350, does not encompass "dismissed."  As the court noted in Critical Care, "[a]n order dismissing case accomplishes a completely different result then an order closing it would and thus is not an order closing." Critical Care, 236 B.R. at 141 (quoting Armel, 699 F.2d at 965).  This conclusion is reinforced by the fact that other Bankruptcy Rules use the term "dismissed or closed"; if a dismissal order had the effect of closing a case, it would be unnecessary to include the word "dismissed" in those rules.  See Fed. R. Bankr. P. 7004 (b)(9) (providing that service of summons and complaint in an adversary proceeding may be made upon the debtor "until the case is dismissed or closed" by mailing a copy of those papers to the debtor's address as shown in the petition or to another designated address); Fed. R. Bankr. P. 1017(b)(2) (providing for distribution of the filing fee if the case is "dismissed or closed" without full payment of the fee).  This Court has not found any statute, rule, or precedent that provides that a debtor's right to amend expires upon dismissal of the case, or that the order dismissing the case must be vacated before schedules, statements or lists may be amended.

Although Bankruptcy Rule 1009 gives the debtor an absolute right to amend a voluntary petition, list, schedule or statement at any time before the case is closed, the Court has discretion to reject a debtor's amendment when "the facts and circumstances presented indicate that the amendment was filed in bad faith, fraudulent or prejudicial." In re Nye, 250 B.R. 46, 48 (Bankr. W.D.N.Y. 2000). See also Foreman v. J. Walter Constr. Co. (In re Foreman), 378 B.R. 717, 726 (Bankr. S.D. Ga. 2007); In re Dazic Controls Corp., 178 B.R. 328, 332 (Bankr. D. Conn. 1995); In re Barber, 223 B.R. 830, 833 (Bankr. N.D. Ga. 1998). This showing must be made by clear and convincing evidence. Corbi, 149 B.R. at 330. Even when a case has been closed, a motion to reopen to amend a schedule should be liberally granted unless "the omission was a result of fraud, recklessness or intentional design by the debtor," or reopening prejudices creditors with regard to their "right to participate in a dividend or obtain a determination of dischargeability." Candelaria, 121 B.R. at 142.

Here, no evidence of bad faith, fraud or prejudice has been proffered by the parties opposing the debtor's motion. The debtor's omission of this cause of action from his schedules prejudiced neither defendants; the trustee; nor the debtor's creditors. The case was dismissed less then 45 days after it was filed. The debtor obtained no discharge and none of his assets, whether disclosed in the schedules or not, were administered. Defendants, opposing the debtor's motion, argue that allowing him to amend the schedules to list his claim against them would "reward" him for failing to list the claim in his schedules when he commenced the bankruptcy case. In the absence of some evidence, not presented here, that the debtor deliberately omitted the claim from his schedules to defraud his creditors, permitting the debtor to amend does not reward wrongdoing.

This case was dismissed, not closed pursuant to § 350, and therefore, the right to amend schedules as a matter of course has not expired.  Pursuant to § 101(13), "[t]he term 'debtor' means person or municipality concerning which a case under this title has been commenced."  11 U.S.C. § 101(13).  Therefore, Bankruptcy Rule 1009's reference to a "debtor" includes Mr. Raggie. Thus, in the absence of any showing of bad faith, prejudice to creditors, or fraud, Mr. Raggie is permitted to amend his Schedule B and Statement of Financial Affairs.

In light of this conclusion, it is unnecessary to decide Mr. Raggie's motion pursuant to Bankruptcy Rule 9024 to vacate the order dismissing this case.  Because this case is not being reopened, nor the dismissal order vacated, the trustee's objection is moot.

<u>Conclusion</u>

For the foregoing reasons, Mr. Raggie's motion to amend Schedule B and his Statement of Financial Affairs is granted.  A separate order is issued herewith.

Dated: Brooklyn, New York
      July 1, 2008

                                       */s/ Carla E. Craig*
                                       CARLA E. CRAIG
                                       Chief United States Bankruptcy Judge